IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XYZ Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-4193 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| The Partnerships and Unincorporated Associations Identified on Schedule A, | ) ) |
| | ) |
| Defendants. | ) |

### ORDER

    This trademark litigation arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. As with many cases filed each year in this district, plaintiff alleges that hundreds of online retailers named as defendants, based in China or other foreign jurisdictions, sell counterfeit goods infringing plaintiff's trademarks. Before the court is plaintiff's renewed motion for leave to file certain documents under seal and to proceed temporarily under a pseudonym, as well as 62 pages of screenshots translated from the Chinese language.

    "[T]he privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009). Plaintiff cites several recent minute orders granting leave to proceed under a pseudonym in cases filed by its law firm. Pl.'s Mem. Supp. Renewed Mot. Leave to File Under Seal & Temp. Proceed Under Pseudonym ("Mem.") 9 n.1, ECF No. 18. The string citation is unpersuasive because the records in the cited cases are sealed and the motions were granted summarily. This court therefore has no way to determine whether the plaintiffs made a case-specific showing justifying proceeding under a pseudonym.

Plaintiff also submits screenshots from sellerdefense.cn and similar websites. The operators of these sites monitor new filings in this court and post warnings to online sellers. Some posts warn sellers to take down infringing products and transfer assets beyond this court's jurisdiction. *See, e.g.*, ECF No. 18-5 at 46.

There is nothing inherently untoward about gathering and posting information concerning newly filed cases. Indeed, the public's right to access documents filed in court is fundamental and well-established. *See Bond v. Utreras*, 585 F.3d 1061, 1074–75 (7th Cir. 2009). Many law firms and websites routinely track and post information about cases filed in federal and state courts (e.g., the *Chicago Daily Law Bulletin*), and some publications target specific audiences, such as attorneys specializing in class actions or the securities litigation bar.

Plaintiff argues (Mem. 9–11) that revealing its name before serving an ex parte temporary restraining order presumably freezing defendants' assets held by U.S.-based service providers, runs an unacceptable risk of information about this case being posted, causing defendants to destroy evidence and move assets out of this court's jurisdiction. Plaintiff suggests no reason why its argument for proceeding pseudonymously would not apply in every similar Lanham Act case against online counterfeiters. However, the existence of sites similar to sellerdefense.cn has not prevented hundreds of Lanham Act suits filed in this court from proceeding to the entry of default judgment. On this record, the existence of sites tracking the filing of Lanham Act suits in this court does not by itself provide a case-specific exceptional circumstance for proceeding under a pseudonym. *Cf.*, *Blue Cross*, 112 F.3d at 872 (requiring case-specific inquiry).

This court finds that exceptional, case-specific circumstances justify permitting plaintiff to proceed pseudonymously for a different reason. One of the screenshots shows a posting on amz123.com. The post warns sellers about the pendency of a similar lawsuit involving one of

the brands specifically at issue in this case and advises sellers to remove infringing listings. ECF No. 18-5 at 51.

For the reasons stated, plaintiff's renewed motion for leave to proceed under a pseudonym and for leave to file certain documents under seal is granted. Plaintiff may proceed under a pseudonym until seven days after the court rules on plaintiff's anticipated motion for an ex parte temporary restraining order, after which time plaintiff is ordered to add its name to the docket. *See Sunderland Assoc. Football Club v. GGH Store*, No. 21-cv-2322 (N.D. Ill. May 2, 2021) (Kennelly, J.) (minute order).

Dated: November 16, 2021 /s/
Joan B. Gottschall
United States District Judge